IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   11-cv-02257-MJW

JAMES F. BLUM,

Plaintiff(s),

v.

TOM CLEMENTS, in his official capacity as Executive Director of Colorado Department of Corrections;
TRAVIS TRANI, individually and in his official capacity as Warden of Colorado Department of Corrections;
ANTHONY A. DeCESARO, grievance officer, Colorado Department of Corrections, individually and in his official capacity;
LEE ROMANSKI, a member of the sex offender treatment team at Arrowhead Correctional Facility, individually and in her official capacity;
DANIEL CLAUS, individually and in his official capacity;
S. MICHAEL DUNLAP, individually and in his official capacity;
BURL McCULLAR, individually and in his official capacity;
MARGARET HEIL, individually and in her official capacity;
DAVID TESSIER, individually and in his official capacity;
J.D. SCOLLARD, individually and in his official capacity;
CHRISTINE TYLER, individually and in her official capacity;
DANA KRAKOW, individually and in her official capacity;
BONNIE CANTU, individually and in her official capacity;
CHRISTINA MARQUEZ, individually and in her official capacity;
JENNIFER MARTINEZ, individually and in her official capacity;
LEONARD WOODSON, individually and in his official capacity; and
BRIAN KOCH, individually and in his official capacity,

Defendant(s).

MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe


       Rule 15(a) of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."  Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993) (citations omitted).

It is hereby ORDERED that Plaintiff's Motion for Permission to File Third Amended Complaint (docket no. 57) is GRANTED for the reasons stated in the subject motion and in the interest of justice as outlined in Fed. R. Civ. P. 15(a)(2). The Third Amended Complaint (docket no. 58-1) is accepted for filing as of the date of this minute order. As to Defendants' futility argument, Judge Ebel has previously addressed that issue in the case of <u>General Steel Domestic Sales, LLC v. Steel Wise</u>, LLC, 2008 WL 2520423 (D. Colo. 2008). In the <u>General Steel</u> case, Judge Ebel stated, in pertinent part: "... Defendants' futility argument seems to place the cart before the horse. Rather than force a Rule 12(b)(6) motion into a Rule 15(a) opposition brief, the defendants may be better served by waiting to assert Rule 12 motions until the operative complaint is in place."

It is FURTHER ORDERED that Defendants' Motion to Dismiss (docket no. 34) and Defendants' Motion to Dismiss (docket no. 53) are both DENIED WITHOUT PREJUDICE. Defendants are granted leave to file any appropriate motion to dismiss as to pertains to the Third Amended Complaint (docket no. 58-1) which is now the operative pleading in this case.

Date:  January 20, 2012