IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   11-cv-02257-MJW

JAMES F. BLUM,

Plaintiff,

v.

TOM CLEMENTS, individually and in his official capacity as Executive Director of the Colorado Department of Corrections;
TRAVIS TRANI, individually and in his official capacity as Warden of Colorado Department of Corrections;
ANTHONY A. DeCESARO, grievance officer, Colorado Department of Corrections, individually and in his official capacity;
LEE ROMANSKI, a member of the sex offender treatment team at Arrowhead Correctional Facility, individually and in her official capacity;
DANIEL CLAUS, individually and in his official capacity;
S. MICHAEL DUNLAP, individually and in his official capacity;
BURL McCULLAR, individually and in his official capacity;
MARGARET HEIL, individually and in her official capacity;
DAVID TESSIER, individually and in his official capacity;
J.D. SCOLLARD, individually and in his official capacity;
CHRISTINE TYLER, individually and in her official capacity;
DANA KRAKOW, individually and in her official capacity;
BONNIE CANTU, individually and in her official capacity;
CHRISTINA MARQUEZ, individually and in her official capacity;
JENNIFER MARTINEZ, individually and in her official capacity;
LEONARD WOODSON, individually and in his official capacity;
BRIAN KOCH, individually and in his official capacity;
RICHARD LINS, individually and in his official capacity;
CHARLES OLIN, individually and in his official capacity; and
RUSTY LANDER, individually and in his official capacity,

Defendants.

---

## ORDER ON
## MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FED. R. CIV. P. 59 (DOCKET NO. 83) FILED BY PLAINTIFF

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This matter is before the court on plaintiff's Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59 (Docket No. 83) filed on July 26, 2012.

Plaintiff seeks "clarification and reconsideration" as to the court's Order (Docket No. 81) granting in part and denying in part defendants' Motion to Dismiss (Docket No 75). Specifically, plaintiff argues the court has not addressed the First Amendment issue regarding the removal of religious items from plaintiff's possession. Plaintiff asks to court to find that (1) plaintiff has "adequately pleaded a liberty interest under the first [sic] Amendment and RLUIPA to keep religious pictures in his cell to assist him in the practice of his faith" as to Claims One and Two; and (2) plaintiff's "liberty interests under both the free speech and free exercise aspects of the First Amendment have been adequately pled" as to Claims Five and Six.

"The Federal Rules of Civil Procedure recognize no motion for reconsideration." Hawkins v. Evans, 64 F.3d 543, 546 (10th Cir. 1995) (quotation and internal quotation marks omitted). "The court's treatment of the motion for reconsideration depends on whether the order is a final order that disposes of all claims and all parties or is an interlocutory order." Gagliardi v. Duran, 2009 WL 5220679, *1 (D. Colo. Dec. 31, 2009). "[A]ny order . . . however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer that all the parties is an interlocutory order which is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Id. (quoting Raytheon Constructors, Inc. v. Asarco Inc., 368 F.3d 1214, 1217 (10th Cir. 2003); National Bus. Brokers, Ltd. v. Jim Williamson Productions, Inc., 115 F. Supp.2d 1250, 1255 (D. Colo. 2000)). "Notwithstanding the court's broad discretion to alter its interlocutory orders, the motion

3

to reconsider 'is not at the disposal of parties who want to rehash old arguments.'" National Bus. Brokers, 115 F. Supp.2d at 1256 (quotation and internal quotation marks omitted). "Rather, as a practical matter, '[t]o succeed in a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" Id. (quotation omitted). "A motion to reconsider . . . should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence." Id.

In the court's June 28, 2012 Order (Docket No. 81), the court denied defendants' Motion to Dismiss as to Claims One, Five, and Six. The court dismissed the portion of Claim Two which was brought pursuant to the Due Process Clause, but denied defendants' motion as to the remainder of Claim Two. Consequently, the claims which are the subject of the current motion remain unaffected by the court's June 28, 2012 Order.

Plaintiff is correct that the court made no specific findings as to whether plaintiff adequately pleaded a liberty interest under the First Amendment and RLUIPA as to Claims One, Two, Five, and Six. However, defendant's Motion to Dismiss did not specifically make such a challenge. Accordingly, the court did not address the issue. While a court may *sua sponte* dismiss claims under Rule 12(6)(b) for failure to state a claim, see Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991), the court declined to do so. Consequently, there is no basis for the relief sought by plaintiff in the current motion.

4

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that plaintiff's Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59 (Docket No 83) is **DENIED**.


Date:  July 27, 2012            s/ Michael J. Watanabe
       Denver, Colorado           Michael J. Watanabe
                                     United States Magistrate Judge