IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.    11-cv-02257-MJW

JAMES F. BLUM,

Plaintiff,

v.

TOM CLEMENTS, individually and in his official capacity as Executive Director of the Colorado Department of Corrections;
TRAVIS TRANI, individually and in his official capacity as Warden of Colorado Department of Corrections;
ANTHONY A. DeCESARO, grievance officer, Colorado Department of Corrections, individually and in his official capacity;
LEE ROMANSKI, a member of the sex offender treatment team at Arrowhead Correctional Facility, individually and in her official capacity;
DANIEL CLAUS, individually and in his official capacity;
S. MICHAEL DUNLAP, individually and in his official capacity;
BURL McCULLAR, individually and in his official capacity;
MARGARET HEIL, individually and in her official capacity;
DAVID TESSIER, individually and in his official capacity;
J.D. SCOLLARD, individually and in his official capacity;
CHRISTINE TYLER, individually and in her official capacity;
DANA KRAKOW, individually and in her official capacity;
BONNIE CANTU, individually and in her official capacity;
CHRISTINA MARQUEZ, individually and in her official capacity;
JENNIFER MARTINEZ, individually and in her official capacity;
LEONARD WOODSON, individually and in his official capacity;
BRIAN KOCH, individually and in his official capacity;
RICHARD LINS, individually and in his official capacity;
CHARLES OLIN, individually and in his official capacity; and
RUSTY LANDER, individually and in his official capacity,

Defendants.

---

## ORDER ON
## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Docket No. 85)

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

Initially, this case was before this court pursuant to an Order Referring Case (Docket No. 2) issued by Judge Marcia S. Krieger on August 31, 2011. On December 20, 2011, the parties filed a joint motion consenting to the disposition of this matter by this court (Docket No. 54). Pursuant to 28 U.S.C. § 636(c), Judge Krieger entered an order granting the parties' motion and assigning the case for all purposes to this court (Docket No. 62). The case was reassigned on December 28, 2011 (Docket No. 63).

**PROCEDURAL HISTORY**

On June 28, 2012, the court entered an Order (Docket No. 81) granting in part and denying in part defendants' Motion to Dismiss (Docket No. 75). The Order dismissed all claims against defendants in their official capacities seeking damages; dismissed defendants Clements, DeCesaro, Dunlap, Krakow, Koch, Marquez, Romanski, Scollard, Tessier, Trani, and Tyler in their individual capacities for claims pursuant to 42 U.S.C. § 1983; and dismissed claims Two, Four, Seven, Nine, Ten, and Eleven in their entirety. Accordingly, claims One, Three, Five, Six, and Eight remain.

The court has previously summarized plaintiff's allegations in its June 28, 2012 Order (Docket No. 81). The court incorporates the summary and will not repeat it here. Plaintiff's remaining claims are as follows:

Claim One asserts violations of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, *et seq.* Plaintiff claims that the denial of access to depictions of all members of either sex under the age of eighteen, including religious images, substantially burdens his free exercise of religion.

Claim Three, brought pursuant to 42 U.S.C. § 1983, asserts violations of the Free Exercise Clause of the First Amendment. Plaintiff claims the confiscation of plaintiff's

religious images, done pursuant to DOC Administrative Regulations, infringes upon plaintiff's right to the free exercise of religion.

Claim Five, brought pursuant to 42 U.S.C. § 1983, asserts that defendants' censorship is over broad and vague under the First Amendment. Specifically, plaintiff claims defendants' administrative regulations contain censorship criteria which is overly broad, subjective, and unconstitutionally vague.

Claim Six, brought pursuant to 42 U.S.C. § 1983, asserts that defendants' censorship is improper under the First Amendment.

Claim Eight, brought pursuant to 42 U.S.C. § 1983, asserts that Administrative Regulation 300-26 is unconstitutionally vague under the First Amendment, and defendants' policy, custom, and practice in implementing AR 300-26 violates the First Amendment and the Fourteenth Amendment.

**PENDING MOTION**

Now before the court is defendants' Motion for Summary Judgment (Docket No. 85).

The court has carefully considered the motion for summary judgment (Docket No. 85), plaintiff's response (Docket No. 86), and defendant's reply (Docket No. 87). In addition, the court has taken judicial notice of the court's file, and has considered the applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

Rule 56(a) provides that summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party seeking summary

judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, interrogatories, and admissions on file together with affidavits, if any, which it believes demonstrate the absence of genuine issues for trial." Robertson v. Bd. of Cnty. Comm'rs of the Cnty. of Morgan, 78 F. Supp.2d 1142, 1146 (D. Colo. 1999) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Mares v. ConAgra Poultry Co., 971 F.2d 492, 494 (10th Cir. 1992)). "Once a properly supported summary judgment motion is made, the opposing party may not rest on the allegations contained in the complaint, but must respond with specific facts showing the existence of a genuine factual issue to be tried . . . . These facts may be shown 'by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings by themselves.'" Southway v. Central Bank of Nigeria, 149 F. Supp. 2d 1268, 1273 (D. Colo. 2001), aff'd, 328 F.3d 1267 (10th Cir. 2003). However, "[i]n order to survive summary judgment, the content of the evidence that the nonmoving party points to must be *admissible*. The nonmoving party does not have to produce evidence in a form that would be admissible at trial, but the content or substance of the evidence must be admissible. Hearsay testimony that would be inadmissible at trial cannot be used to defeat a motion for summary judgment because a third party's description of a witness supposed testimony is not suitable grist for the summary judgment mill." Adams v. Am. Guarantee & Liability Ins. Co., 233 F.3d 1242, 1246 (10th Cir. 2000) (internal citations and quotations omitted).

"Summary judgment is also appropriate when the court concludes that no reasonable juror could find for the non-moving party based on the evidence presented in the motion and response." Southway, 149 F. Supp. 2d at 1273. "The operative

inquiry is whether, based on all documents submitted, reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict." Id. "Unsupported allegations without 'any significant probative evidence tending to support the complaint' are insufficient . . . as are conclusory assertions that factual disputes exist." Id. (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); quoting White v. York Int'l Corp., 45 F.3d 357, 360 (10th Cir. 1995)). "Evidence presented must be based on more than 'mere speculation, conjecture, or surmise' to defeat a motion for summary judgment." Id. at 1274. "Summary judgment should not enter if, viewing the evidence in a light most favorable to the non-moving party and drawing all reasonable inferences in that party's favor, a reasonable jury could return a verdict for that party." Id. at 1273.

**1. Claim One and Claim Three**

Plaintiff's Claim One and Claim Three allege defendants violated plaintiff's religious rights by not allowing him to possess certain religious images. Claim One is brought pursuant to RLUIPA and Claim Three is brought pursuant to the Free Exercise Clause of the First Amendment.

Under both RLUIPA and the Free Exercise Clause, plaintiff is required to make an initial showing that defendants' conduct imposed a substantial burden on his sincerely-held religious practice. Abdulhaseeb v. Calbone, 600 F.3d 1301, 1312-15 (10th Cir. 2010) (applying RLUIPA); Gallagher v. Shelton, 587 F.3d 1063, 1069-70 (10th Cir. 2009) (applying the Free Exercise Clause). At this stage, defendants do not question the sincerity of plaintiff's religious beliefs. Rather, defendants argue the evidence fails to show that the exercise of plaintiff's religious beliefs has been

6

substantially burdened.

RLUIPA does not provide a definition of "substantial burden." However, the Tenth Circuit has stated that "substantial burden" under RLUIPA is to be interpreted with reference to First Amendment jurisprudence. Grace United Methodist Church v. City of Cheyenne, 451 F.3d 643, 661 (10th Cir. 2006).

Not every infringement on a religious exercise will constitute a substantial burden. "The practice burdened need not be central to the adherent's belief system, but the adherent must have an honest belief that the practice is important to his free exercise of religion." Abdulhaseeb v. Calbone, 600 F.3d 1301, 1316 (10th Cir. 2010) (quoting Sossamon v. Lone Star State of Tex., 560 F.3d 316, 332 (5th Cir. 2009)). At a minimum, the adherent must demonstrate that the denial of a particular religious item is "more than an inconvenience to one's religious practice." Id. (quoting Adkins v. Kaspar, 393 F.3d 559, 570 (5th Cir. 2004)).

Here, the substantial burden plaintiff claims has been placed on his religious practice is the removal of several religious images. Plaintiff was not permitted to keep an image of an adult Jesus being flogged, and several images of baby Jesus in various states of undress. The court must therefore determine if the evidence, taken in a light most favorable to plaintiff, could lead a reasonable jury to conclude that plaintiff's religious practice has been substantially burden by the removal of these images and a ban on similar images.

In his Third Amended Complaint (Docket No. 71), plaintiff alleges that as a Roman Catholic, his "sincerely-held religious beliefs require that he retain his religious books, magazines, and works of art" and that "[m]aintaining a reasonable library of

religious books, magazines, newspaper, and works of art is important" to plaintiff's religious beliefs. During his deposition, plaintiff stated that he is permitted to maintain a library of religious materials including two Bibles, a hymnal, the Catechism, four Liturgies of the Hours books, a Psalm book, and several other books. Docket No. 85-5 at 88. Plaintiff also admitted that he is in possession of many religious pictures, including a picture of the crucifixion, a wall calendar of churches, a picture of the Pope, and various other pictures contained in the aforementioned books. Id. at 88-89.

As to the importance of the removed images, plaintiff stated that he did not require art in order to pray. Id. at 25. More significantly, when asked if he needed "particular pictures of Jesus as an infant and Jesus being flogged," or if he "just prefer[ed] those images," plaintiff stated that those images were "helpful" but not needed. See id. at 75. Further, defendants' motion for summary judgment includes an affidavit by Father Jude Geilenkirchen, a semi-retired Roman Catholic priest. Father Geilenkirchen states that there are no specific images or icons required in the Catholic faith to enhance worship or devotional study. Docket No. 85-4 at 5. Items identified as important to the practice of Catholicism by Father Geilenkirchen include the Bible and the Catechism. Id. at 3.

Plaintiff broadly argues that religious art is important to his religious practice. However, it is undisputed that plaintiff is allowed to, and currently does, possess religious images. As such, the issue is not whether religious images in general are important to plaintiff's religious practice; rather, the issue is whether the specific types of images removed from plaintiff are important. Given plaintiff's own statement that the removed images are merely "helpful," it is unlikely a reasonable jury could find that

plaintiff's religious practice has been substantially burdened. In addition, while Father Geilenkirchen's affidavit does not specifically address the importance of the removed images to plaintiff's own religious practice, Father Geilenkirchen's general statements as to the importance of images to the practice of Catholicism are consistent with plaintiff's own statements, and therefore provide some additional evidence as to the lack of a substantial burden. Further, in view of relatively substantial religious library plaintiff is permitted to maintain, including the items identified by Father Geilenkirchen as important to the Catholic faith, the removal of, and ban on, a very limited subset of religious images is less likely to place a substantial burden on plaintiff's religious practice. Accordingly, considering the evidence in a light most favorable to plaintiff, the court finds that a reasonable jury could not find that a substantial burden has been placed on plaintiff's religious practice. This determination is consistent with cases in the Tenth Circuit involving similarly limited restrictions. See Neusteter v. Cossobone, 62 Fed. Appx. 844 (10th Cir. 2003) (inmate restricted to only two books in his cell); Wares v. Simmons, 524 F. Supp. 2d 1313 (D. Kan. 2007) (inmate denied two particular religious books). Therefore, summary judgment in favor of defendants as to Claim One and Claim Three is appropriate.

**2. Claim Five, Claim Six, and Claim Eight**

Plaintiff's Claim Five, Claim Six, and Claim Eight allege that defendants' censorship of the types of images plaintiff is allowed to possess is unconstitutional. Specifically, plaintiff challenges the administrative regulation (AR 300-26 "Offender Reading Material") utilized to censor images contained in magazines and other material sent to plaintiff. Plaintiff argues AR 300-26 is vague and overbroad on its face, and as

applied to plaintiff.

The stated purpose of AR 300-26 is "to establish criteria for allowing publications within a correctional facility or office and to provide guidelines governing offender access to publications." Docket No. 85-3 at 1. The regulation sets forth principles for determining if a publication is in violation of the restrictions. Further, as is particularly relevant to plaintiff, AR 300-26 states that "[s]pecific programs within the department may set more stringent censorship restrictions for rehabilitation purposes." Id. at 2. As a convicted child sex offender, "more stringent" restrictions were placed on plaintiff. Specifically, plaintiff is prohibited from possessing images of minor children or bondage imagery.

"Overbreadth and vagueness claims generally involve the same nucleus of facts, and require similar analysis of the terms and reach of the challenged provision." Jordan v. Pugh, 425 F.3d 820, 827 (10th Cir. 2005). Plaintiff's Amended Complaint and response to the motion for summary judgment make no meaningful distinction between vagueness and overbreadth of AR 300-26. Accordingly, the court will not make a discrete analysis of each type of challenge. See id. at 828 (quoting a commentator as noting that First Amendment vagueness is "best conceptualized as a subpart of First Amendment overbreadth doctrine").

The court notes that plaintiff's response to defendants' motion for summary judgment provides no substantive arguments, nor does it specifically point to admissible evidence, in support of Claim Five, Claim Six, or Claim Eight; plaintiff's response focuses almost entirely on the substantial burden issue. A defendant "may satisfy its burden at the summary judgement stage by identifying a lack of evidence for the

10

[plaintiff] on an essential element of the [plaintiff's] claim." Cassara v. DAC Serv., Inc., 276 F.3d 1210, 1212 (10th Cir. 2002) (internal quotation marks omitted). "The burden then shifts to the [plaintiff] to come forward with admissible evidence to create a genuine issue of material fact on that element." Huerta v. BioScrip Pharmacy Servs., Inc., 429 Fed. Appx. 768, 781 (10th Cir. 2011) (citing Bacchus Indus. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir. 1991)).

Defendants' motion for summary judgment specifically identifies several elements lacking evidence as to plaintiff's claim that AR 300-26 is unconstitutionally vague and overbroad. First, defendants argue AR 300-26 is not overbroad facially or as applied to plaintiff because, as a child sex offender, plaintiff has been denied images of unclothed minors and bondage images. The denial of these images are based on plaintiff's admissions that he is sexually attracted to children, has previously masturbated to images of children, and had handcuffed one of his child victims. Second, defendants argue AR 300-26 is not vague because plaintiff has been provided sufficient notice of the types of images he cannot possess. Finally, defendants argue AR 300-26 is constitutional under the four-pronged analysis established by Turner v. Safley, 482 U.S. 78 (1987).

Based on defendants' detailed motion for summary judgment, the court finds that defendants have met their burden of identifying a lack of evidence for Claim Five, Claim Six, and Claim Eight. Further, the court finds that plaintiff has failed to meet his burden to rebut defendants' argument by pointing to specific admissible evidence. Accordingly, the court finds that summary judgment in favor of defendants as to Claim Five, Claim Six, and Claim Eight is appropriate.

11

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that defendants' Motion for Summary Judgment (Docket No. 85) be **GRANTED.**

Pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCiv.R. 54.1 defendants are entitled to costs**.**  A bill of costs must be filed on the appropriate form within 14 days of the date of this order.

Date:  October 22, 2012                             s/ Michael J. Watanabe
       Denver, Colorado                             Michael J. Watanabe
                                          United States Magistrate Judge